## IN RE WAIVER OF DEATH PENALTY.

September 14, 1965.

## SUPREME COURT OF NEW JERSEY

Memorandum to: All Superior and County Court Judges

Re: Waiver of the Death Penalty

The Supreme Court is concerned by the excessive amount of time required for the trial of murder cases where the prosecutor is not seeking the death penalty. It is cognizant of the fact that this situation results from the opinion of the Supreme Court in *State v. Pontery*, 19 *N. J.* 457, at *page* 468 (1955), where it was said by way of *dictum*:

"* * * Although the prosecutor had a right to waive the death penalty and so inform the jury, the jury nevertheless had the prerogative, if it decided to exercise it, under the statute, to return a verdict carrying with it the extreme penalty. The likelihood of its ever doing so, although remote, did not give the court the right to charge as it did. ['If you find a verdict of murder in the first degree, it must be with a recommendation of life imprisonment.'] The court could properly have charged the jury that under these present circumstances it would assume, as did the prosecutor, that the death penalty would not be returned as it was not asked for, but the jury could not be stripped of its right to do so given by the Legislature."

This *dictum* in the *Pontery* case has resulted in taking 2–3 weeks to select a jury and in prolonging the trial itself, since the jury must be selected and the case tried with the possibility of a death sentence in mind, even though the prosecutor has expressly indicated that he is not seeking the death penalty. This imposes an unnecessary burden upon the prosecutor, the defendant and the court and unnecessarily increases the expense of the trial which must be borne by the public.

Since it is not likely that the Supreme Court will have occasion in a litigated case to express itself on the subject, the Supreme Court, after careful consideration of the matter, has concluded that in the public interest and in the interest of the fair and expeditious administration of criminal justice it should advise all judges by means of this administrative memorandum that it does not subscribe to the *dictum* in the *Pontery* case.

██ Accordingly, where the indictment is for murder and the prosecutor elects not to seek the death penalty and so notifies the court and defense counsel, either in writing before trial or orally at the trial, the trial judge on the *voir dire* shall not permit the examination of prospective jurors as to

their views on capital punishment and the trial judge in his charge shall instruct the jury that if it finds a verdict of murder in the first degree it must be with a recommendation of life imprisonment.

For the information of the bench, the bar and the public, the Supreme Court directs that this memorandum be published both in the New Jersey Law Journal and in the official New Jersey Reports.

For the Supreme Court,
/s/ *Joseph Weintraub*, C.J.